Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 557 | **DATE** | 12/24/2003 |
| **CASE TITLE** | TINA VALENTINO vs. PROVISO TOWNSHIP, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   **The Township's motion for summary judgment is denied and the Individual defendants motion for summary judgment is granted.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 2 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | 03 DEC 23 PM 7:43 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TINA VALENTINO,

    Plaintiff,

v.

PROVISO TOWNSHIP,
ROBERT GRACE, JR, individually and as
the Supervisor of Proviso Township, and
JEFFREY ALLEN, ARNIE BRYANT,
MARIANNE LASKI AND DONALD
SLOAN, individually and in their capacities
as PROVISO TOWNSHIP TRUSTEES,

    Defendants.

No. 01 C 557
Judge James B. Zagel



## MEMORANDUM OPINION AND ORDER

### I. Background

This dispute arises out of the elimination of the Public Relations position in Defendant Proviso Township ("Township") held by Plaintiff Tina Valentino. In her Complaint, Valentino claims that the Township, Robert Grace, Jeffrey Allen, Arnie Bryant, Marianne Laski, and Donald Sloan ("Individual Defendants") discharged her in retaliation for an earlier filed sexual harassment complaint. The Township and the Individual Defendants claim that Valentino was discharged because of the Township's financial distress. As evidence of this distress, the Township and the Individual Defendants state that the Township took out approximately $400,000 in short term loans and discharged six other employees. Four of the six employees discharged were involved in the Handy Man and Handy Helper programs, one was a social worker, and the other was a part-time secretary.

1



Valentino alleges that the Township and Individual Defendants' actions and the existing financial condition of the Township were inconsistent with the existence of financial distress. For example, Valentino claims that the Township decreased its overall expenses in 2000 by only $18,910 (a change of -.6%), had significant cash reserves at the end of each year between 1997-2001, and made significant cash transfers to the Mental Health Commission.

The Township and the Individual Defendants now move, separately and together, for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). In determining whether any genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986). A genuine issue of fact exists only when, based on the record as a whole, a reasonable jury could find for the non-movant. *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999). Motions for summary judgment in employment discrimination cases should be approached with added rigor because credibility and intent are often central issues. *Collier v. Budd Co.*, 66 F.3d 886, 892 (7th Cir. 1995).

## II. The Township's Motion for Summary Judgment[1]

Under Title VII, the plaintiffs may demonstrate retaliation through the direct or indirect method of proof. *Stone v. City of Indianapolis Pub. Util. Div.*, 281 F.3d 640, 644 (7th Cir. 2002). According to the direct method, direct or circumstantial evidence may be presented to

---

[1]The Individual Defendants join in this motion.

2

show that the plaintiff engaged in a protected activity, and as a result, suffered an adverse employment action. *Id.; Rogers v. City of Chicago*, 320 F.3d 748, 753-754 (7th Cir. 2003). Direct evidence "requires an admission by the decisionmaker that his actions were based upon the prohibited animus." *Rogers* at 753. Circumstantial evidence must be the kind of evidence that would allow a jury to infer intentional discrimination by the decisionmaker. *Id.* The Township argues, and Valentino does not dispute, that she has failed to present evidence either direct or circumstantial that would satisfy the requirements of the direct method.

Valentino's arguments appear to rest, instead, on the second method for proving retaliation. Under the indirect method, the plaintiff must present evidence sufficient to establish a *prima facie* case of retaliation. Once the plaintiff establishes a *prima facie* case, the defendant then has the burden of establishing a non-discriminatory basis for the termination. If the defendant does so, he is entitled to summary judgment unless the plaintiff is able to show that the proffered reason is a pretext. *Stone* at 644; *Texas Dep't Of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)

### A. Establishing a *Prima Facie* Case of Retaliation

To establish a *prima facie* case of retaliation, the plaintiff must show that she (1) engaged in a statutorily protected activity, (2) performed her job according to her employer's expectations, (3) suffered a materially adverse employment action, and (4) was treated less favorably than similarly situated employees who did not engage in a protected activity. *Stone* at 644. The first three prongs of this test are easily satisfied here; Valentino filed a Title VII suit for sexual harassment, did not receive any negative evaluations of her work, and was discharged by the Township.

3

Because Valentino's position with the Township was unique, the fourth prong presents a much greater challenge. The Township claims that six other comparable employees were similarly discharged. Four of those employees were involved in the Handy Man and Handy Helper Program, one was a social worker, and one was a part-time secretary. By contrast, Valentino was a part-time manager in charge of Public Relations. Since these other employees worked in different departments and had vastly different responsibilities, they cannot be considered as similarly situated. Valentino argues that because there exists no other similarly situated employees to whom she may be compared, it would be unreasonable for me to apply the fourth prong of *Strong's* test. Valentino asks instead that I allow her to establish a *prima facie* case without having to show other similarly situated employees were treated more favorably.

This type of allowance has been made in other Title VII discrimination cases. In *Bellaver v. Quanex Corp.*, 200 F.3d 485 (7th Cir. 2000), the plaintiff's position was eliminated in what the defendant called a reduction in force ("RIF"). *Id* at 489. RIF is a term of art in employment law meaning the positions were eliminated and employees were not replaced. *Id.* After she was terminated, the plaintiff filed a Title VII complaint alleging gender discrimination. *Id.* at 492. The plaintiff could not establish a *prima facie* because there were no other similarly situated employees to whom she could compare herself. *Id.* In *Bellaver*, the Seventh Circuit found that a "plaintiff in a single-discharge case does not need to make a showing that similarly situated employees were treated better because the inference of discrimination arises from the fact that they were constructively replaced by workers outside of the protected class." *Id.* at 495. *See Also Michas v. Health Cost Controls of Ill. Inc.*, 209 F.3d 687 (7th Cir. 2000). In essence, the Seventh Circuit found the requirement unfair where no such similarly situated persons existed.

4

Defendant argues that *Bellaver* should not apply to this case (a retaliation case) because it involved cases of gender discrimination. While it is true that *Bellaver* was not a retaliation case, I still find it extremely relevant. In this case and in *Bellaver,* the *prima facie* cases were derived from the *McDonnell Douglas* elements, both plaintiffs held unique positions, which were eliminated, and because of this both plaintiffs could not find any other similarly situated employees. As in *Bellaver*, it would seem unfair to dismiss Valentino's case simply because she was the sole employee working in a specialized area. I find that the single-discharge exception laid out in *Bellaver* applies here and that Valentino need only show that some of her duties were taken over by other Township employees. *Michas* at 693. Since it is undisputed that after Valentino's departure public relations work was done, on a reduced scale, by other Township employees, I find that Valentino has established a *prima facie* case for retaliation.

**B. Establishing Pretext**

The Township claims that Valentino's position was terminated because of financial constraints. Because the Township has presented a non-discriminatory basis for Valentino's termination, Valentino has the opportunity to show this reason is a pretext for retaliation. *Texas Dep't Of Community Affairs v. Burdine,* 450 U.S. 248, 253 (1981). Pretext may be established by showing that a discriminatory motive is more likely the actual motivation or that the reason given by the defendant is without credence. *Michas* at 694. Valentino can show that the Township's proffered reason lacks credibility by demonstrating that it has no basis in fact, did not actually motivate the trustees to discharge her, or was insufficient to motivate her discharge. *Collier v. Budd Co.,* 66 F.3d 886, 892 (7th Cir. 1995).

5

Valentino claims that the financial reason given for her discharge had no basis in fact and was insufficient motivation. Valentino submits the report of Robert Horstman, a licensed certified public accountant, in which Horstman states that between 1997 and 2001 the Township had adequate financial resources to conduct its affairs. His report shows that during the year 2000, the end of the year cash balance was reasonably similar to the year end balances from 1997-2001 being neither the highest nor the lowest balance recorded, the Township cut expenses by only $18,910 or .6%, and the Township transferred a total of $170,000 to the Proviso Mental Health Commission. Valentino claims that both Horstman's findings and the Individual Defendants' actions were inconsistent with financial distress. In addition, Valentino presents the deposition testimony of her immediate supervisor, Robert Grace, who stated that he did not believe Valentino was discharged for financial reasons.

The Township argues that this is not enough to establish pretext. It points out that there exists no direct evidence showing Valentino was discharged for anything other than financial reasons. The Township claims it had only enough cash on hand at the end of 2000 to pay its expenses for the next three and a half months, which fell short of the next tax collection date. Because of this shortfall, the Township was forced to take out $400,000 in short-term loans to cover its expenditures. This the Township argues demonstrates that it was truly in a state of financial distress. Even given the cash shortfall, I find that Valentino has cast sufficient doubt on the Township's claims of financial distress. Horstman's report tends to show that the Township had year end cash reserves similar to other years and that the Township did not significantly reduce its expenses. Therefore, I find that Valentino has presented sufficient evidence of pretext.

In cases like this, where the employee offers specific evidence from which the finder of the fact may reasonably infer pretext, the case will then lie on the credibility of the witness. *Collier* at 893. Ultimately, this will come down to the credibility of the Township's trustees and employees versus the credibility of Valentino, Grace, and Horstman. Such a credibility judgment is best left to the finder of fact. *Id.* (citing *Courtney v. Biosound Inc.*, 42 F.3d 414 (7th Cir. 1994).

### III. The Individual Defendants' Motion for Summary Judgment

Qualified immunity, which does not work here, applies to governmental officials performing discretionary functions and shields them from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). But, if the Individual Defendants' motivation was retaliation, it was a clear violation of Title VII--a statutory violation of which the Individual Defendants should have been aware. *Murray v. Lichter*, 1995 WL 631794, at 8 (N.D. Ill. 1995); *Johnson v. Chicago School Reform Board of Trustees*, 1997 WL 548555, at 5 (N.D. Ill. 1997).

Absent immunity, an individual is subjected to personal liability if he sets into motion a series of events that he knew or reasonably should have known would deprive the plaintiff of a federal right. *Luck v. Rovenstine*, 168 F.3d 323, 327 (7th Cir. 1999); *Brokaw v. Mercer County*, 235 F.3d 1000,1012 (7th Cir. 2000). Here, Individual Defendants Allen, Bryant, Laski, and

7

Sloan voted as trustees to discharge Valentino.[2] If they acted in retaliation, they clearly violated Valentino's statutory rights and could be subject to individual liability.[3]

So, the Individual Defendants come to legislative immunity to cover their decision to terminate Valentino's Public Relations position. American law has long recognized that legislators should be immune from liability for their legislative activities. *Bogan v. Scott-Harris,* 523 U.S. 44, 48-49 (1998). Thus, the Individual Defendants are entitled to absolute legislative immunity for any actions that fall within the sphere of legitimate legislative activity. *Id.* at 54 (quoting *Tenny v. Brandhove,* 341 U.S. 367, 376 (1951)). "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Id.* In *Bogan,* the plaintiff claimed, and a jury agreed, that her position was eliminated for racial and retaliatory reasons. *Id.* Even with this motivation, the Court found that the city counsel's vote to eliminate the plaintiff's position was legislative. *Id.*

Valentino argues that the situation here is distinguishable from *Bogan,* however, I find that it is not. Like the city counsel in *Bogan,* the Individual Defendants voted to eliminate a department or position for which Valentino was the sole employee. Here, the Individual Defendants acting in their capacity as trustees were promulgating the Township's policies of terminating the formal Public Relations department and decreasing expenses. Effectuating these policies was a legislative act, which makes the Individual Defendants' motives irrelevant. *Iglesia*

---

[2]Unlike the other Individual Defendants, Grace neither knew about the trustees plans to discharge Valentino nor participated in the vote that resulted in her discharge. Since Grace did not participate in the discharge, he could not be subject to individual liability.

[3]Individual Defendants are protected by legislative immunity and for that reason cannot be held personally liable for discharging Valentino.

8

*de la Biblia Abierta v. Banks*, 129 F.3d 899, 905 (7th Cir. 1997). Since the Individual Defendants were involved in a legislative action, I find they are entitled to absolute legislative immunity.

**IV. Conclusion**

As to the Township, Valentino has established a *prima facie* case for retaliation under Title VII and has presented sufficient evidence of pretext to make summary judgment inappropriate. Valentino cannot, however, survive the Individual Defendants' motion for summary judgment. When the Individual Defendants voted to terminate her position, they were acting in a legislative capacity and are protected by legislative immunity regardless of their motives.

For the reasons stated above, the Township's Motion for Summary Judgment is DENIED and the Individual Defendants' Motion for Summary Judgment is GRANTED.

ENTERED:

James B. Zagel
United States District Judge

DATE: DEC 2 4 2003