**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TINA VALENTINO,

      Plaintiff,

      v.

PROVISO TOWNSHIP, ROBERT GRACE
JR. Individually and as Supervisor of
Proviso Township, and JEFFERY ALLEN,
ARNIE BRYANT, MARIANNE LASKI
and DONALD SLOAN, individually and in
their capacities as Proviso Township
Trustees,

      Defendants.

No. 01 C 557
Judge James B. Zagel

**MEMORANDUM OPINION AND ORDER**

## I.  Factual Background

Plaintiff Tina Valentino filed a Title VII and Section 1983 complaint in which she alleged that she was discharged from her part-time public relations position with Defendant Proviso Township ("the Township") in retaliation for filing and settling a prior sexual harassment suit. The Township claimed that Valentino's position was eliminated because the Township was experiencing financial difficulties and needed to decrease expenses.  In order to do this, the Township's Trustees decided to engage public relations services on an individual and independent contractual basis.  On August 2, 2004, a four-day jury trial was held in this court and the jury returned a verdict for the Township.

## II.  The Manifest Weight of the Evidence

Valentino now moves for a new trial pursuant to Fed. R. Civ. P. 59.  I may grant a new trial if the verdict is against the clear weight of the evidence or if the trial was unfair to the

moving party. *David v. Caterpillar, Inc.,* 324 F.3d 851, 863 (7th Cir. 2003).; *Miksis v. Howard,* 106 F.3d 754, 757 (7th Cir. 1997). However, the jury's verdict should be given considerable deference. *Latino v. Kaizer,* 58 F.3d 310, 315 (7th Cir. 1995). A district court may grant a new trial because the verdict was against the weight of the evidence "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the court's] conscience." *Id.* Moreover, the jury's verdict should not be set aside merely because, in reviewing the evidence, I may have reached a different result. *Id.* This is especially true where the jury has based its decision, at least in part, on the credibility of the witnesses' testimony. *Id.* ("since the credibility of witnesses is peculiarly for the jury, it is an invasion of the jury's province to grant a new trial merely because the evidence was sharply in conflict.")

Valentino's argument for a new trial, as presented in pages three through eighteen of her brief, largely boils down to a single proposition, namely the Township failed to rebut the testimony of Valentino's financial expert Robert Horstman's during which he opined that the Township was in a strong financial position. Horstman testified that the Township ended fiscal year 1998 with reserves of $700,000 and ended fiscal years 1999-2001 with reserves in excess of $1M. Valentino claims that this testimony established that the Township was not experiencing financial difficulties and, thus, her position could not have been eliminated for financial reasons.

The Township, on the other hand, argues that the testimony of Township Trustees Allen, Bryant, Lansky, and Sloan, and Township supervisor Grace stating that the Township did have financial deficits showed that it was experiencing financial difficulty. The Trustees testified that they were informed by others in the township that the Township was out of money and needed to

take out short-term loans to cover expenses. Each of the Trustees testified further that Valentino's position was eliminated to reduce the Township's expenses. Horstman's report and testimony acknowledge that periodic financial deficits existed but claimed the deficits were only cash-flow gaps created by the long-time periods between collection of property taxes, which made up the bulk of the Township's yearly revenue. Horstman concluded that since the loans could be repaid by the property taxes collected at the end of the year, they were not indicative of long-term financial strain.

Despite Horstman's opinion, the jury could have reasonably relied on the Township Trustees' testimony that, at the time Valentino's position was eliminated, they believed the Township was under financial strain and eliminated Valentino's position to decrease expenses. This determination was not wholly inconsistent with Horstman's testimony since he did acknowledge the periodic budget deficits. Here, the jury simply decided to give greater credence to the Trustees' testimony concerning the severity and meaning of those deficits. Since this was a credibility and weight determination, it was well within the jury's purview and should not be disturbed. *Latino,* 58 F.3d at 317.

Valentino also claims the fact that the Township's overall expenses increased during the year her position was eliminated establishes that the Township Trustees were not trying to reduce expenses. However, Township Trustees Allen, Bryant, Lansky, and Sloan testified that they took actions to decrease expenses. Each of the Trustees went through the cost-saving measures listed in Defendant's Trial Exhibit 35, which included a hiring freeze, discontinuation of overtime pay, discontinuation of a policy that allowed employees to be paid out for unused vacation days, stricter rules concerning cell phone use, discontinuation of janitorial service, and a general salary

freeze. From this evidence and testimony, the jury could have reasonably concluded that measures were taken to decrease expenses but those measures were not sufficient to decrease spending below that of the previous year. The jury could also have concluded that without these measures, the expenses for the year would have been even higher.

In addition to being able to reasonably find that Valentino's position was eliminated for financial reasons, the jury could also have found that Valentino failed to present enough evidence to establish that her position was eliminated, at least in part, because of her previously filed and settled sexual harassment complaint. In order to prevail on her claim, the burden was on Valentino to show that the elimination of her position was related to her earlier filed and settled claim. The jury could have relied on the fact that the Township Trustees offered her public relations work on an independent contractor basis after she left the Township to show that they had no animus toward her and could have reasonably concluded that the Township Trustees' acts were not motivated by retaliation.

For these reasons, I find that the jury's verdict was not against the manifest weight of the evidence and that a new trial is not warranted.[1]

## III. Valentino's Claims of Error

Valentino argues a new trial is appropriate because of errors made before and during the trial. However, even if errors were committed, no new trial is required if the errors were harmless. *Romero v. Cincinnati Inc.,* 171 F.3d 1091, 1096 (7th Cir. 1999). Valentino claims that

---

[1] Since I have decided the motion on these grounds, I need not consider Valentino's argument concerning the policy change as pretext for the elimination of her position. I do this, in large part, because the Township's decision to change its public relations policy to one of hiring an independent contractor instead of keeping a part-time position was inextricably tied to the perceived financial constraints and their efforts to decrease expenses.

I erred in excluding evidence of non-economic damages and the second and third opinions of her financial expert.

Even if my decision to exclude the non-economic damages evidence and Horstman's second and third opinion was made in err, which I do not think it was, it still does not warrant a new trial because any so-called errors were harmless. The non-economic damages were irrelevant since the jury found for the Township and had no need to consider any damages evidence. The exclusion of Horstman's second and third opinions was also largely irrelevant. In his second report, Horstman concluded from the fact that the Township was able to obtain loans from a bank that it was financially stable. During the trial, both Horstman and the Trustees testified that the Township consistently borrowed money at all times relevant to the suit. The jury could have easily discerned from their own personal experience that banks would lend money only to financially stable customers and did not need Horstman to opine directly on that issue. In his third report, Horstman concluded that the Township's financial condition did not warrant the termination of staff. During the trial, Horstman testified that the financial condition of the Township should not have played a role in eliminating Valentino's position. Since this basically covered the conclusions stated in the third report, the report's exclusion was harmless.

Finally, Valentino argues that I also erred in granting the individual Defendants' motion for summary judgment on the basis of legislative immunity, dismissing them from the case. In my previous opinion, I relied on *Bogan v. Scott-Harris,* 523 U.S. 44 (1998) and found that legislative immunity applied to the Trustees named as individual defendants. Here, the Trustees changed their policy with respect to public relations work by eliminating Valentino's position and engaging an individual contractor on an as-needed basis in order to decrease expense.

*Valentino v. Proviso Twp.*, No. 01 C 557, 2003 U.S. Dist. LEXIS 23215 at *13 (N.D. Ill. Dec. 24, 2003). In granting the motion, I found that the combination of budgetary concerns and policy changes entitled the Trustees to legislative immunity. *Id.* That decision is further buttressed by the Seventh Circuit's decision in *Rateree v. Rockett,* 852 F.2d 946 (7th Cir. 1988). In that case, the Court found that employment decisions were generally administrative except where a position is eliminated from the city budget altogether. *Id.* at 950. As was evidenced at trial, Valentino's position was eliminated and no other person has been hired to fulfill her former duties, making this decision legislative in nature. *See Also Bianco v. Bloomingdale Township,* No. 98 C 968, 1999 U.S. Dist. LEXIS 6165 (N.D. Ill. Apr. 8, 1999).

Valentino now argues *Canary v. Osborn,* 211 F.3d 324 (6th Cir. 2000) and *Alexander v. Holden,* 66 F.3d 62 (4th Cir. 1995) suggest that the application of legislative immunity is inappropriate. However, I find that both these cases are distinguishable on their facts. In *Canary*, the Plaintiff's position was not eliminated–he was merely demoted. *Canary,* 211 F.3d at 330-331. In *Alexander,* the Plaintiff's salary and not the position was terminated, leaving open the possibility that another employee could have been hired into the position. *Alexander,* 66 F.3d at 67. Since neither *Canary* nor *Alexander* dealt with positions eliminated for budgetary reasons, I find they are not applicable here and affirm my earlier ruling.

For the reasons stated herein, Valentino's motion for a new trial is DENIED.

ENTER:

*James B. Zagel*
_____

James B. Zagel
United States District Judge

DATE: February 8, 2005